McFarland, J.,
delivered the opinion of the Court.
Previous to and at the date of the capture of Memphis, Tennessee, by the Federal forces during the late war, to-wit: 6th of June, 1862, there was a firm engaged in that city as grocers and commission merchants, known as West, Cochran & Co., composed of H. C. West and the two defendants to this action. In February, 1862, Cochran went into the Confeder *99 ate army, West soon after went north, and finally, shortly before the 6th of June, 1862, Harris, the remaining partner, went south. No one of the partners returned again to Memphis until after the close of the war. Upon leaving, J. J. Martin, the book keeper, was left in charge of the business. The firm at the time had on hand some goods on consignment, but little of their own. Martin was instructed, in accordance with the agreement of the parties, to do no new business, but do the best he could in winding up the old business. Previous to this J. M. Jones, the plaintiff, who resided at Clarksville, Tenn., was a customer of the firm • they had on hand . a quantity of tobacco belonging to him, and perhaps other property. And at the same time Gould, Blake-more & Co., also merchants of Memphis, had in store some sugar belonging to the plaintiff, which they held under consignment directly from him. On the 30th of July, 1862, the plaintiff addressed to W. J. Davis a letter, and sent him with it to Memphis. This letter directs Davis to say to West, Cochran & Co. to ship his tobacco to Louisville, giving special directions in regard thereto. Among other things he says: “I left twenty odd hhds of sugar, a part of which was with Messrs. Flournoy & Crawford, a part with Messrs. Gould, Blakemore & Co., and perhaps a part with Messrs. West, Cochran & Co., which, if not sold, I wish them to sell for the market price in gold or Kentucky money, or greenbacks — I would prefer gold —and write to Mrs. Fannie M. Jones immediately,” etc. The letter proceeds with reference to other mat *100 ters, and again says: “ Tell Mr. Martin, the book keeper, to please be sure to attend to all this forthwith.” . . “If the sugar is sold, and you can get the proceeds to A. S. Harris, tell him to invest it for me in cotton, or something else in the interior, and keep it during the war; and if you can’t get it to him, try to get it to me or my wife.”
. “If West, Cochran & Co. is not in Memphis to attend to this, nor their clerk, please hand it over to Could, Blakemore & Co., and tell them to attend to the whole.” This is dated at Clarksville. Davis arrived in Memphis soon after the date of this, and delivered the letter to Martin. According to his testimony, however, he only remained a few days, and received no money for Jones. Between the 12th and 28th of August, 1862, Martin called upon J. W. Gould, of the firm of Gould, Blakemore & Co., and presented an order as follows:
Clarksville, Tenn., Aug. 12, 1862. Messrs. Gould, Blakemore & Co.
Gentlemen: You will please to deliver to this order all the sugar, or proceeds of the same, I may have in your hands, and this shall be your receipt.
Respectfully, Joseph M. Jones.
How or when this order came to the hands of Martin does not clearly appear. Oh the 28th of August, 1862, Gould paid to Martin on this order $250.50 in gold, and $256.74 in other money, for which Martin gave him a receipt, signed “West, Cochran & Co., *101 per James Martin.” All this, as will be observed, oo-occurred after all the members of the firm of West, Cochran & Co. had left Memphis. It is made reasonably certain from the evidence that this money was never paid to the plaintiff or his order. It is shown that the business of the firm of West, Cochran & Co. was that-usually pertaining to grocers and commission merchants; that they sometimes, upon the special order of a customer, collected a debt due from others, but this was not for compensation, or a part of their regular business, but only a matter of accommodation.
Upon these facts Jones brought this action to recover of Cochran and Harris, two of the firm of West, Cochran & Co., the aforesaid sum paid by Gould to J. J. Martin on the 28th of August, 1862. A jury was waived upon the trial, and the cause submitted to the judge, who rendered judgment for the defendants. The plaintiff has appealed in error. The judge below rested his judgment upon the ground that at the 'date of the transaction, 28th of August, 1862, Martin was within the lines of the Federal army at Memphis; that Cochran and Harris were within the Confederate lines, and this, by operation of the laws and rules of war, dissolved and terminated the agency of Martin so as to destroy all authority upon his part to act for the defendants. We think there may be serious doubts as to the correctness of this view.
Martin and the defendants were citizens of the same State and the same place, and it may be doubted whether, under the general laws of war, aside from *102 the acts of Congress, and proclamations, they were made enemies by the actual occupation of Memphis by the Federal army, because Martin remained within the Federal lines and the defendants did not. By the act of Congress of the United States, July, 1861, and the proclamation of the President among other things, a state of war was declared to exist between the United States and certain other States, Tennessee being one. From that date, if not sooner, the citizens of Tennessee were enemies of the people of the United States, and this was not necessarily changed by the fact that a part of the territory of Tennessee was occupied by the Federal army, unless changed by an act of Congress passed in 1864, which was intended to pi’ohibit commercial intercourse between persons within Federal military lines, and persons within the Confederate lines, which, however, was after this transaction. We should, therefore, hesitate to declare that .on the 28th of August, 1862, the agency of Martin was dissolved by reason of the existence of the war, and at that date the relation of enemy existed between him and the defendants by reason of the facts stated. . The consequences of this would be to declare invalid all acts of his performed for the firm after the 6th of June.
Without deciding this, however, we agree in the conclusion reached by the Circuit Judge, but for a different reason, and that is that the collection' of the money in question was ,not the act of West, Cochran &. Co., but the act of James Martin individually. Upon leaving Memphis the partners instructed Martin *103 to transact no new business; his authority was simply to wind up the old business; and besides, the collection of the money from Gould, Blakemore & Co. upon the plaintff’s order was no part of the business of West, Cochran & Co., and was not the kind or character of business which the plaintiff had the right to assume that Martin was authorized to transact in the name of the firm and upon their responsibility. We do not decide what would have been the effect if the plaintiff had entrusted to Martin business strictly within the line of West,. Cochran & Co.’s business, and in ignorance of the fact that Martin had been instructed not to accept any new business. But we place our decision upon the ground that there is no evidence that Martin had any authority to act for West, Cochran & Co. except the authority to act for them in all matters within the scope of the business in which they had been or were engaged, and for which he was employed, and the plaintiff having, in the absence of the defendants, and without their knowledge or consent, entrusted to Martin a matter entirely outside of the business in which they were engaged, he must look alone to Martin to make the transaction good. The plaintiff had no right, in the absence of the defendants, to entrust this business to Martin and assume that the defendants are to be responsible for his debt. That he used the name of West, Cochran & Co. in signing the receipt, cannot alter the result. Martin had no authority to bind West, Cochran & Co. for an act which he chose to do in their name, when he had no authority either expressly given nor *104 to be fairly implied, from the nature of tbe business which they entrusted to him, nor was the plaintiff authorized to assume that Martin had any such authority.
Upon this ground we think the judgment is correct, and it will be affirmed.